JOSEPH A. HARTE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

MAY 18, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This petition for a writ of certiorari was brought under the provisions of general laws 1938, chapter 342, §8, to review the proceedings of the zoning board of review of the city of Cranston in this state, hereinafter referred to as the board, granting an application for an exception or variance under the zoning ordinance to permit the use of certain land, which is now zoned as a residential district, for the construction of a supermarket and parking lot. The instant petition was brought by adjoining property owners who objected to the granting of the application.

The original applicants sought to construct a supermarket and parking lot on lot No. 129, part of lots numbered 55 and 56, and all of lots numbered 65, 66, 67, 68, 77, 78, 80, 81, 82 and 83 on assessor's plat No. 9, section 5. Together said lots form a tract of irregular shape having a frontage of 165 feet on Reservoir avenue and extending back to a depth of approximately 500 feet, and the total area thereof exceeds 109,000 square feet.

After a hearing the board granted the application against the remonstrance of the petitioners herein. Thereupon the latter filed the instant petition alleging among

other grounds that the board was without jurisdiction or authority to grant the application. Pursuant to the writ the records were duly certified to this court where the case was heard on briefs and oral arguments. Thereafter Samuel Leviten, one of the original applicants for the exception or variance, sought and obtained leave to file as *amicus curiae* a motion to quash the writ of certiorari in the instant case. As the ground for such motion, he asserted that the original application for an exception or variance, which is the subject matter of the instant review, was withdrawn by the applicants on March 28, 1951. Therefore he claims that the question presented to this court is now a moot one, requiring no decision thereon.

At the hearing on this motion the applicants, the remonstants and the respondent board were represented by counsel. It was then undisputed that at the same time the purported withdrawal of the original application was being filed the applicants also filed another substantially similar application for an exception or variance for the same kind of building and use at the same location, which application involved certain basic questions of jurisdiction that are presented in the instant case. It also was agreed by counsel that the assessor's plat which was submitted with the original application showed that part of the land described in the application and decision included land appearing on said plat as public highways or parts thereof, and that there was no evidence in the record in the instant case showing that such public highways or parts thereof had been abandoned by the city of Cranston at the time of the granting of the application.

A majority of the court entertains considerable doubt as to whether the filing of a purported withdrawal of the original application, contemporaneously with the filing of another application for substantially the same exception or variance, all of which happened after the record was certified by the board and had been fully heard and argued before this court, constitutes such an unqualified with-

drawal as to render the instant case moot in the strict sense. However, both parties to the petition for certiorari and also the applicant, who as *amicus curiae* filed the motion to quash, admitted that the proposed building and parking lot described in the original application were permitted by the board to be constructed and laid out over streets that appeared on the plat in evidence to be dedicated to public use and were not shown by other evidence to have been legally abandoned.

In the peculiar circumstances of this case a majority of the court is of the opinion that justice between the parties can be effected and that the records of the board will be kept in proper order by denying the motion to quash and by granting the petition for certiorari on the sole and narrow ground that the board had no jurisdiction to grant to the applicants an exception involving the use of public highways which were not shown by evidence to have been lawfully abandoned.

The motion to quash the writ is denied. The petition for certiorari is granted, the decision of the respondent board is quashed, and the papers in the case which have been certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

CONDON, J. I think the case is moot and would therefore grant the motion to quash the writ. However, since the majority of the court have considered the merits I concur in the decision to quash the board's decision for lack of jurisdiction.

*Joseph V. Cavanagh,* for petitioners.

*Sherwood & Clifford,* for *amicus curiae.*

*Richard F. Canning,* City Solicitor, for respondent.